The next and final case on our call of the docket today, September 14, 2011, is case number 111666, agenda number 9, People v. Patrick. Counsel for the appellant. Morning, Your Honors. Counsel. May it please the Court, I'm Assistant Attorney General Stephen Soltanzati on behalf of the People. The issue in this case is a very narrow one. Can the trial court deny a defendant's crankle motion, that is, a pro se post-trial motion alleging ineffective assistance of counsel, on timeliness grounds when that motion is filed more than 30 days after the verdict? It is undisputed under Section 116-1 of the Code of Criminal Procedure that any new trial motion must be filed within 30 days of the verdict. A crankle motion is a new trial motion. It seeks new trial, and defendant's crankle motion in this case expressly sought a new trial on its face and in the argument. Therefore, the trial court properly denied this motion as untimely because it was filed more than 30 days after the verdict. The appellate court reversed the trial court's decision, but in doing so ignored Section 116-1 of the Code of Criminal Procedure, and therefore the appellate court's decision was error and should be reversed. Initially, there is no dispute here that under Section 116-1 of the Code of Criminal Procedure, any new trial motion must be filed within 30 days of the verdict, and if it is not, the trial court can dismiss the motion as untimely. The real dispute here is whether a crankle motion, and specifically defendant's crankle motion in this case, was a new trial motion. Counsel, the defendant indicates that, um, case law would seem to indicate that defendant can make an oral motion. Well... Wouldn't that circumvent any 30-day requirement? Um, no, the, if, it's in dispute whether... Or is your position that the oral motion has to be made within 30 days? Our position is that 116-1 governs. Now, under, it's, it would, it's, it's not clear and it hasn't been decided whether an oral crankle motion is permissible. In 2007, one appellate court, um, People v. Ward out of the First District, acknowledged that this issue is in dispute, and, um, since then, no case has decided the issue expressly. Oral crankle motions have been permitted, but they've been permitted when the State has not objected. Therefore, um, the, the crankle procedure is entirely consistent with Section 116-1. Because Section 116-1 says that, uh, any new trial motion must be written, but again, just like with the crankle procedure, that writing requirement can be waived by the State. So, our position is that Section 116-1 governs, and that, therefore, the motion must be written, but, just like with the crankle procedure, that written requirement can be waived. Isn't, isn't this a case where it's more important to have a rule than which side we take in this dispute? It, um, help me understand that. Isn't it, isn't, isn't this a case that it would be more helpful, uh, to the trial court to just have a pronouncement from this court one way or the other with respect to these type of motions, whether they have to be filed within 30 days or not? Yes, I believe, I believe it would be. I know what your position is, and we have the opposite position. Would it be more, I know what your answer is going to be, but would it be more efficient to take the defendant's approach here, to have as many of these type of disputes settled in the trial court as possible, which I think her position might employ? No, I don't believe it would be more efficient. Yeah, you didn't surprise me with that. I mean, there, there is value in, in deciding these issues in the trial court, and that's why the post-trial, uh, motion procedure exists. But the legislature said, for these types of new trial motions, you have 30 days. And after that, we're going to move on to the next stage of proceedings. Now, it is not our position that this defendant or any other defendant with an allegation of ineffectiveness can't bring those claims, ever, if he doesn't, if he fails to bring them within 30 days of the verdict. This defendant can bring a post-conviction petition, raising the same allegations, or if they're apparent from the record, he can bring them on appeal. The legislature, the General Assembly has said that there, there is some value in having certain issues decided at the trial court first. And if we can do those, uh, expediently, then let's do them at the trial court before they go up. They've, they've set a 30-day time limit, and the defendant has not met that limit, and, and therefore, he lost his opportunity to have his, uh, allegations heard in the trial court. Do you, do you think there was confusion on the, uh, judgment appealed by a defendant? In, in, in this case, was there, was there confusion about the timeliness requirement? Right. No, not about the requirements, about what was actually being appealed. Um, does this go to the jurisdictional issue, Your Honor? I, I apologize. Um, I don't see, I don't see anything in the briefing in the appellate court suggesting that there was confusion. Um, the issue was briefed. It was decided by the appellate court. I never saw anything, um, stating that anyone was blindsided in the appellate court, in this case, Your Honor. And how does our case in Lewis impact this dispute? Um, well, I think Lewis, um, just confirms that, uh, there has to be some indication in the notice of appeal about what is going up to the appellate court. And I, I, I think it's important, and this is in Smith, we see this in Smith and we see this in Lewis to remember that this is a jurisdictional question. So while, while it's relevant to that jurisdictional question to determine if the issues on appeal can, uh, if they, if they truly do blindside the appellate court, what we're really looking at is what's on the face of that notice of appeal, and can we look at the face of that notice of appeal and decide, uh, and determine what the issues on appeal are going to be. And that, and that is a jurisdictional threshold. So, um, on the jurisdictional issue, I thought for purposes of appealing a criminal conviction, is it necessary to have a final judgment including the sentence? And in this case, everything was final on August 1st, the date the trial was denied the motion. Is that correct? That's correct. So what's the, I don't understand how that time frame would, would, uh, deny the appellate court jurisdiction. Well, it, the reason the appellate, our position is the reason the appellate court was without jurisdiction is because the, the notice of appeal identified the dates of the judgments being appealed from it, identified August 1st, and there were actually two notices of appeal. One identifies August 1st, the date the motion of reconsideration of the sentence was denied. One identifies a May 16th date, which is when I believe the motion for a new trial or judgment notwithstanding the verdict that was filed by counsel was denied by the trial court. It, both, so both notices of appeal identified, they don't identify judgments of the, of the trial court. They identify dates on which judgments took place, and they both leave out the date on which the motions at issue here, the Kranko motions, were decided by the court, which was, I believe, June 25th of 2008. So from the notice of appeal, it was, under Smith, the standard is, can you determine what, can, is it clear what is going up on appeal? What issues? And here, because dates other than the dates on which the, the motion at issue was decided are expressly listed in the notice of appeal, it was not clear that, that these motions were, were going to be at issue on appeal. Do you agree that the defendant's pro se motion for acquitment of new counsel is tantamount to a motion for a new trial? Yes. It is our position that it is a new trial motion, and the way we know that is because, because we've been instructed by this court to determine the character of a motion. We don't just look at the title, although in this case, the title of the motion. But that's what you're arguing for us to look at the dates, too, and not some of the other dates. Well, for the jurisdictional issue, yes, Your Honor, we're, we're arguing that to determine if the notice of appeal correctly identified what was going to the appellate court on appeal, we have to look at the dates listed on that notice of appeal. We, we don't have anything else to look at, and so we, we have two dates, neither of them is the date on which this, this motion was decided. So, just, just to summarize briefly that it's not in dispute that the defendant had 30 days to bring a new trial motion. This motion came outside that time period. This motion asked for a new trial, and all, the remedy for all crankle motions is a new trial. Therefore, this motion is untimely, and the trial court did not err when it denied it as such. The court has no further questions about this issue or the jurisdictional issue. We ask this court to reverse the judgment of the appellate court. So, just to recap, I mean, in its simplest form, is it a 116, is it dash one? Yes, Your Honor. It's a statutory question, either complies or doesn't comply? That's correct, Your Honor. That's your position? That's our position, Your Honor. Thank you. Counsel for the appellee. May it please the court, counsel, my name is Jamie Montgomery. I represent the defendant appellee, Mr. Tyron Patrick, and at the outset, I'd like to say that I agree with Justice Thomas, that the important thing here is for this court to make a rule, because there does seem to be some confusion in our appellate courts about whether or not 116-1 applies, as it did arise in Serio and Gilmore. Now, of course, our position here is that 116-1 does not apply. In a line of cases beginning with Krenkel, a right-line rule has been developed for dealing with, pro se, post-trial claims of ineffective assistance of counsel, and that is when a defendant raises a claim, no matter how he raises that claim, the court has a duty to perform a preliminary inquiry into that claim to determine whether some further action should be taken. Now, this right-line rule is a simple, inclusive rule with the minimal requirement of the trial courts, and that is to do this preliminary inquiry. The importance of this rule, though, is great, because if requiring the circuit courts to make this preliminary inquiry helps ensure that a defendant's six-amendment right to the effective assistance of counsel, that any violation of that right is addressed as soon as possible, and also it creates a more complete appellate record. Is there then any limit on when the defendant can file such a motion? Of course. It's our position that the latest a defendant could file such a motion would be with the expiration of the jurisdiction of the trial court. So within 30 days after, say, the motion to reconsider sentence is denied, which would be when a notice of appeal would be due, if on day 31 the defendant writes to the court and says, my attorney was ineffective. Too bad. It's too late. Jurisdiction has ended. But as long as the trial court has jurisdiction to consider the case, it has a duty to conduct a preliminary criminal inquiry. And although this Court has never directly said how long a defendant has to raise these claims, such a rule that goes along with the trial court's jurisdiction simply makes sense. Anything less than that defeats the purpose of the rule, because under 116.1, if we say the defendant doesn't, his time expired 30 days after the denial of, I'm sorry, after the verdict, Mr. Patrick's claims that his attorney was ineffective at sentencing and that his attorney had failed to preserve issues for appeal, would not be reachable. So at that point, it's okay to let a defendant continue to be represented by ineffective counsel because he missed a 30-day deadline. That doesn't make sense, and it doesn't comport with this Court's intent in developing the Crankville cases. Now, the State's attempt to graft the statutory requirement of 116.1 onto a common law remedy created by Crankville and developed later and more is deeply flawed. First, a criminal defendant is entitled to effective assistance of counsel at many other proceedings besides simply trial. There's things like sentencing, post-trial and post-sentencing motions, guilty plea proceedings, and in revocation and probation proceedings. If a defendant receives ineffective assistance of counsel at any of those proceedings, the result is not a new trial. It's perhaps a new sentencing hearing or perhaps a new motion to reconsider sentence. Second, a criminal defendant rarely believes his attorney was ineffective only at one stage of trial. And thus, their claims are likely to result in a variety of remedies, not simply new trial. Indeed, here, Mr. Patrick complained his attorney had failed to protect his right to a speedy trial, which, if true, would result in a dismissal. That his attorney was ineffective in challenging his sentences and she had failed to properly preserve issues on appeal. Third, a defendant is not required to file a written motion. In order to trigger the procedure, he need only bring his claims to the attention of the trial court. Now, there have been cases where, I believe it was cited on page 8 of my brief, where the defendant made statements at his sentencing hearing about his attorney, and that was sufficient to trigger the Krinkle proceedings. That would be People v. Barnes, cited on page 8 of my brief. And again, People v. Parsons, and People v. Bell. I'm sorry, that was the pre-sentence investigation report, Bell. But as this line of cases has developed, it's become clear the defendant need only raise his claims to the trial court's attention. And if that's the case, a 30-day requirement that a written motion be filed makes no sense. Because under that theory, either all of those cases were decided incorrectly, or, as here, if a defendant files a written motion and it's not timely, he's out of luck. But had he orally complained at the motion to reconsider sentence, which, of course, Mr. Patrick couldn't do because, like many defendants, he was shipped off to the Department of Corrections before the motion to reconsider sentence was heard. Had he been able to orally complain at that stage, he would have been fine. But since he wrote his complaints down in a motion, he's out of luck. Now, fourth, the immediate relief available when a defendant raises a claim of ineffective assistance to counsel is not a new trial. First, the immediate relief is the preliminary inquiry. And then it's possible, depending on how that inquiry goes, that the defendant will be appointed new counsel, and then an evidentiary hearing, and then possibly the outcome of the evidentiary hearing would be a new trial. But the immediate relief is not a new trial. And, in fact, contrary to what the State argues, Mr. Patrick, while he stated a few times in his motions that his attorney's failures should be sufficient to give him a new trial, what he repeatedly stated in his prayers for relief and throughout his motions was that he wanted a new attorney appointed to represent him at the evidentiary hearing. He was, without possibly knowing it, invoking Krenkel. He kept asking, I want a new attorney and I want an evidentiary hearing on my claims. He did say a few times, like I said, that his attorney's actions should result in a new trial, but ultimately what he asked for was to be given Krenkel proceedings. Now, the State contends that this Court need not consider public policy considerations or whether something leads to absurd results because Section 116.1 is not ambiguous and the Legislature's intent is very clear. And as I said at the outset, we have never argued that 116.1 is ambiguous. We argue that 116.1 has absolutely nothing to do with this case. It doesn't apply. Second, the Legislature's intent in enacting 116.1 has absolutely no bearing whatsoever on this Court's intent in creating the common law remedy provided in Krenkel in the following cases. Finally, this Court has never held that Section 116.1 controls the timing for raising claims of ineffective assistance of counsel, and this makes sense. Because the rule as it exists is simple, clear, and inclusive. It covers everyone, as long as the trial court still has jurisdiction. And that makes sense, too, because unlike motions for new trial and motions to reconsider sentence, we don't admonish defendants how to go about complaining about their attorney's effectiveness. They're left to figure it out on their own. And I think the inclusive, simple nature of the rule as it stands recognizes that fact, that we're dealing with pro se defendants who have little to no knowledge of the law. And it's a recognition that all you have to do is tell the judge and we'll take over from there and we'll see if something needs to be done. It's a very minimal requirement, and it's a very clear and simple right-line rule. For all those reasons, this Court should reject the State's attempt to blur the right-line rule and affirm the order of the appellate court, remanding the cause for preliminary inquiry into the defendant's claims of ineffective assistance of counsel. Are there no further questions? Thank you. Thank you. Just a couple of very quick points in rebuttal. Initially, the defendant argues that the relief for a crankle motion is not a new trial, but actually counsel. This begs the question, what would counsel do if counsel is appointed after a crankle motion is filed? Especially if that crankle motion is filed more than 30 days after trial and requests only counsel. When counsel is appointed, counsel must file a motion for a new trial. That's the relief for an ineffective assistance claim. Crankle itself says that the relief for a successful crankle motion is a new trial. So counsel's appointment more than 30 days after the verdict to litigate a new trial motion that has not yet been filed would be pointless. Thus, even if this Court were to construe a crankle motion as something other than a new trial motion, as a motion for appointment of counsel, the trial court reasonably denied the motion because there would be nothing left for new counsel to do. Again, to determine the character of a motion, we look at the remedy. So if the remedy here is a new trial, and even if it were not, the remedy for the motion that would ultimately have to be filed to litigate these ineffectiveness claims would be a new trial, and therefore that motion would be laid as well. It's important also to remember that crankle is decided against the backdrop of Section 116-1. So when crankle was decided, and crankle expressly said that the remedy for the motion before the court in that case was a new trial. So crankle was decided with the court understanding that Section 116-1 governing new trials was in existence. It didn't carve out any exception for the timeliness requirement in that statute. And this Court shouldn't carve out such an exception at this point. Give me just one moment. Yes, it's true that certain claims of ineffective assistance of counsel are not reachable in the trial court. For example, a claim that counsel was ineffective in challenging the sentence when that challenge came more than 30 days after the verdict. But several things are not reachable in the trial court or are not reached in the trial court. Several claims are raised initially on a direct appeal, as long as they're apparent in the record, or they're raised on post-conviction petition. Certain claims for certain defendants will have to be litigated, and collateral proceedings are on direct appeal. That's consistent with the way several motions work. Finally, this Court has never created a separate rule for pro se defendants. Pro se defendants have to follow the rules that all other litigants have to follow. It may be true that some pro se defendants don't know about the 30-day timeliness requirement. It may also be true that some pro se defendants don't know in the post-trial stage that they can raise a crankle motion. But if they don't raise a crankle motion in the trial court, they can raise it in a post-conviction petition, or if it's apparent from the record, on direct appeal. Again, a crankle motion seeks a new trial. It's a new trial motion. The General Assembly has had the opportunity to amend Section 116-1 in light of crankle. It has not done so, so the procedure applies to pro se defendants, just like it does to any other counsel motion. If this Court has no further questions, we ask this Court to reverse the judgment of the appellate court. Thank you. Thank you, both counsel, for your arguments this morning. Case No. 111666, People v. Patrick, is taken under advisement as Agenda No. 9. This concludes our docket for this morning, oral argument docket. Mr. Marshall, Illinois Supreme Court stands adjourned until tomorrow morning, Thursday, September 15, 2011, 9 a.m.